IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-416-BO

| | | |
|---|---|---|
| RAIMUNDO LUGO | ) | |
|     Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| its agents, representatives, and employees, | ) | |
|     Defendant. | | |

This cause comes before the Court on defendant's motion for summary judgment [DE 17]. Plaintiff has responded [DE 19], defendant has replied [DE 21], and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is granted.

## BACKGROUND

Plaintiff brings this action under the Federal Torts Claim Act, 28 U.S.C. Part VI Ch. 171. On the morning of February 27, 2010, plaintiff was shopping at the Pines Class Six store (Pines Class Six or store) near Fort Bragg, North Carolina. The Pines Class Six is a liquor store and shopette operated by the Army and Air Force Exchange Service. Plaintiff alleges that, while walking as a reasonably prudent person, he slipped on a trickle of water emanating from a broken cooler on the Pines Class Six premises.

Plaintiff filed an administrative tort claim on March 30, 2011. The tort claim was denied on August 3, 2011, on the basis that the investigation did not disclose any evidence of negligence. Plaintiff then timely filed the instant action seeking damages in the amount of $30,000 to compensate plaintiff for physical pain and mental suffering as well as medical expenses.

## DISCUSSION

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. LibertyLobby, Inc.*, 477 U.S. 242, 252 (1986).

The United States has waived it sovereign immunity for claims for money damages due to "personal injury or death cause by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his employment," 28 U.S.C. § 1346(b)(1), and the government is liable in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Here, the Court applies the substantive law of North Carolina to plaintiff's claim. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994).

Under North Carolina law, the owner of a premises owes a duty of "reasonable care toward all lawful visitors." *Nelson v. Freeland*, 349 N.C. 615, 631 (1998) (eliminating distinction between licensees and invitees in standard of care owed by premises owner). The duty imposed

upon the premises owner to his customers during business hours "is not to insure the safety of his customers, but to exercise ordinary care to maintain his premises in such a condition that they may be used safely . . . in the manner for which they were designated and intended." *Foster v. Winston-Salem Joint Venture*, 303 N.C. 636, 638 (1981). While a premises owner does have a duty to warn a lawful visitor of "hidden perils or unsafe conditions that can be ascertained by reasonable inspection and supervision," the owner has no duty to protect or warn his customers against an "obvious danger or condition of which the [visitor] has equal or superior knowledge." *Byrd v. Arrowood*, 118 N.C. App. 418, 421 (1995).

A plaintiff establishes that a premises owner was negligent by showing either that the premises owner negligently created the condition that caused injury or that the premises owner negligently failed to correct the condition after it had either actual or constructive notice. *Roumillat v. Simplistic Enterprises, Inc.* 331 N.C. 57, 64 (1992). There is no evidence in the record that defendant negligently created the condition, and plaintiff does not contend as such in his response to the instant motion. Accordingly, the Court considers whether defendant had actual or constructive notice of the condition and negligently failed to correct it.

The shift manager on duty on February 27, 2010, has stated that prior to opening the store that morning she walked down the aisle with the ice cooler and did not notice any water on the floor [DE 18-1]. Additionally, no water on the floor had been reported to her by another employee or a customer that morning, and the ice cooler had no history of leaking of which she was aware. When plaintiff arrived at the store the only employees were at the front of the store and there were no employees in the aisle with the ice cooler [DE 18-4 pg. 14]. Plaintiff has proffered no evidence that defendant had actual notice of the water on the floor, and accordingly

3

is unable to show negligence under this theory.

Plaintiff's response to summary judgment contends that because plaintiff came into the store not long after it opened and because the length of the stream of water was several feet, it must have been present at the time the store opened and the employees of the store negligently failed to discover the water. In order to show that a defendant had constructive knowledge of a condition, the "plaintiff bears the burden of showing that a dangerous condition existed for such a period of time that the defendant through the exercise of reasonable care should have known of its existence." *Thompson v. Wal-Mart Stores, Inc.*, 138 N.C. App. 651, 654 (2000).

Plaintiff in his deposition stated that the stream of water dripping from the ice machine was little, that it was about a half an inch wide, and that it didn't look like it was pouring [DE 18-4]. Plaintiff further stated that "you couldn't see it if you weren't really looking fort it" [DE 18-4 pg. 5]. Plaintiff relies on the length of the stream of water, which apparently crossed the aisle and was several feet in length, as circumstantial evidence that the water had been on the floor before the store was opened and inspected by its employees. Plaintiff may rely on circumstantial evidence from which the fact finder might infer that the water was on the floor for some time, but the inference must be based on facts that have been established and may not be drawn from other inferences. *Id.*

The facts established do not directly support an inference that the water was on the floor before the store had opened and when the employees conducted their inspection. Plaintiff does not know what time he arrived at the store, only that it was sometime after the store opened at ten o'clock. As described by plaintiff, the stream of water while long was not wide and had not puddled; indeed, "you couldn't really see it if you weren't looking for it." Such statement grossly

4

Case 5:11-cv-00416-BO   Document 22   Filed 10/12/12   Page 4 of 5

undermines plaintiff's theory as, even if the water had been present on the floor before the store opened, an employee exercising reasonable care inspecting the aisle may not have seen the water.

Summary judgment is appropriate where the evidence presented supports only speculation about how long a dangerous condition has been present on a defendant's premises. *See France v. Winn-Dixie Supermarket, Inc.*, 70 N.C. App. 492, 493 (1984). As plaintiff has proffered no evidence to raise his contention that the water had been on the floor before the store had opened above mere speculation, defendant's motion must be granted.

## CONCLUSION

Accordingly, for the reasons discussed above, defendant's motion for summary judgment is GRANTED. The Clerk is DIRECTED to enter judgment for defendant.

SO ORDERED, this 10 day of October, 2012.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE